I respectfully dissent from the majority Opinion and Award herein.
I agree with the finding of fact by the majority that plaintiff had been advised by competent medical authority in September, 1990 that she had left carpel tunnel syndrome caused by her repetitive work with defendant. The record also supports the majority's finding that plaintiff took a leave of absence from work from 11 September 1990 through 17 September 1990 due to carpal tunnel syndrome and other left extremity conditions. Plaintiff was paid disability benefits for three days under the company's disability plan. On 17 September 1990 plaintiff returned to work earning the same or greater wages and worked full time regular duties until 24 January 1992. Plaintiff was thereafter unable to earn wages due to carpal tunnel syndrome of the left upper extremity and tendinitis in the left middle finger.
The majority has decided that plaintiff's disability beginning 24 January 1992 is not a new claim but for jurisdictional purposes relates back to the September 1990 diagnosis of carpal tunnel syndrome. Consequently, the majority has decided that the Industrial Commission has no jurisdiction over plaintiff's 1992 workers' compensation claim filed 25 February 1993 because plaintiff did not file a claim within 2 years of the date she was diagnosed with carpal tunnel syndrome in 1990. I disagree with the majority's reasoning for a number of reasons. This reasoning appears to be based on the premise that an occupational disease cannot be cured or resolved and that any incapacity to earn wages in the future is somehow related to the first diagnosis of the condition. The impact of this decision is that every employee who has a work-related condition and misses a few days out of work must file a workers' compensation claim in case the problem reappears in the future. The Industrial Commission could predictably become flooded with "just in case" claims.
In the instant case, plaintiff's medical notes reveal that she complained of pain after she returned to work in the left middle finger on 30 October 1990 and 27 December 1990. Based upon the medical records in evidence plaintiff did not receive any medical treatment for carpal tunnel syndrome from 11 September 1990 through 31 December 1991 or for left middle finger pain from 27 December 1990 through 31 December 1991. During this period plaintiff worked full time. The doctor's note from Kaiser Permanente on 31 December 1991 refers to a "work re-injury." When plaintiff returned to work on 17 September 1990 at full wages with no permanent impairment plaintiff's period of disability legally ended. Neither party can contend that plaintiff's new claim for disability in January 1992 constituted a change of condition because the claim was not filed with the Industrial Commission and no award was previously made by the Industrial Commission.
The majority has also failed to consider that the aggravation of a pre-existing condition is compensable. Plaintiff's carpal tunnel syndrome (if not resolved) was not disabling after 17 September 1990. Plaintiff's disability beginning over a year later due to left carpal tunnel syndrome and tendinitis of the left middle finger was due to aggravation from cumulative repetitive trauma from the work place occurring after her return to work.
Additionally, defendant is estopped from asserting jurisdiction under Gen. Stat. § 97-24 as a bar to plaintiff's claim based upon defendant's conduct in this case. Defendant's disability program operates similarly, to the provisions of the workers' compensation act. Defendant's disability program directs medical care, manages return to work and vocational training and pays benefits during periods of disability. An employee would have no reason to believe that their rights are not being fully protected when all aspects of their claim have been treated as compensable.
A temporary leave of absence from work for six days due to pain in the left upper extremities caused by work duties does not satisfy the disability requirement of N.C. Gen. Stat. § 97-58. InTaylor v. J. P. Stevens Co., 300 N.C. 94, 265 S.E.2d 144 (1980) the North Carolina Supreme Court held that the two year period in which claims for benefits for an occupational disease must be filed begins running when an employee has suffered from injury from an occupational disease which renders the employee incapable of earning, at any job (emphasis added) the wages the employee was receiving at the time of the incapacity and the employee is informed by competent medical authority of the nature and work related cause of the disease. In the instant case plaintiff was told that diagnostic studies indicated that she probably had carpal tunnel syndrome. Plaintiff also had severe pain associated with her left trigger finger. A medical excuse taking plaintiff out of work for six days, however, is not evidence that plaintiff could not earn the same or greater wages on any job. It may at best be some evidence that plaintiff could not perform her regular job duties temporarily. The record indicates that defendant-employer had some one handed jobs and arguably plaintiff could have performed one-handed jobs during the six day period she was on medical leave. Consequently N.C. Gen. Stat. § 97-58 is not a bar to plaintiff's claim.
For the foregoing reasons I would conclude that the Industrial Commission has jurisdiction over plaintiff's claim and I dissent from the majority opinion.
 S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER